UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SABDRA TURNER, et al.,<br>Plaintiff(s),<br>v.<br>MID-CENTURY INSURANCE COMPANY d/b/a FARMERS INSURANCE,<br>Defendant(s). | Case No. 2:15-CV-114 JCM (CWH)<br>ORDER |

Presently before the court is plaintiffs Sandra Turner and Scharlene Woodley's motion to remand. (Doc. # 9). Defendant Mid-Century Insurance Company ("Mid-Century") filed a response. (Doc. # 11). Plaintiffs did not file a reply and the deadline to do so has passed.

**I. Background**

This case arises out of an underinsured motorist ("UIM") benefits valuation dispute. (Doc. # 1-2 at 4). Plaintiffs are Sandra Turner and her minor daughter Scharlene Woodley. (Doc. # 1-2 at 2; doc. # 11-1 at 2). Sandra Turner, in addition to being a named plaintiff, is also the guardian ad litem for Scharlene Woodley. (*Id.*).

Plaintiffs' claims stem from a motor vehicle accident that occurred on August 29, 2013, in Las Vegas, Nevada. (Doc. # 1-2 at 4). Plaintiffs' vehicle was t-boned by an adverse driver—Tamara Arnold—who failed to yield. (Doc. # 1-2 at 4). Arnold was insured with a $15,000 liability policy limit. (Doc. # 11-2 at 2). Arnold's insurance company offered the full $15,000 policy limit as a claim settlement. (Doc. # 11-2 at 2).

On October 27, 2014, plaintiff Woodley made a claim to collect UIM benefits from plaintiff Turner's policy. (Doc. # 11-1 at 2). Woodley asserted that the $15,000 liability policy

benefits received from Arnold was insufficient to compensate her for her damages. (Doc. # 11-1 at 2). Plaintiffs assert that, despite their entitlement to the underinsured motorist policy, defendant has failed to provide sufficient compensation. (Doc. # 1-2 at 4).

Plaintiffs initiated the instant suit in the Eighth Judicial District Court for Clark County, Nevada on November 24, 2014, against named defendant Mid-Century Insurance Company ("Mid-Century"), and various Does and Roe Corporations.[1] (Doc. # 1-2). Plaintiffs alleged claims for breach of contract, breach of the covenant of good faith and fair dealing, and violations of the Unfair Claims Practices Act. (Doc. # 1-2). Plaintiffs requested general and special damages, attorneys' fees and costs, punitive damages, and interest at the statutory rate. (Doc. # 1-2 at 8).

On January 20, 2015, Mid-Century removed the action to this court, based on diversity jurisdiction. (Doc. # 1). Mid-Century asserted that jurisdiction was proper, because the minimum amount in controversy was satisfied, and all parties were diverse. (Doc. # 1 at 2). Defendants also filed notice with the state court and the plaintiffs in compliance with 28 U.S.C. § 1446(d). (Docs. ## 1 at 3, 1-3 at 2). On January 21, 2015, Mid-Century filed its answer to plaintiffs' complaint. (Doc. # 4).

Despite receiving notice of defendant's removal of the action, plaintiffs filed an amended complaint with the state court on January 26, 2015. (Doc. # 9-2). Plaintiffs have not filed an amended complaint before this court. The amended complaint filed with the state court adds Arnold as a defendant and adds claims for "Negligence Against All Driver Defendants" and "Negligent Entrustment as to all Owner Defendants." (Doc. # 9-2).

On February 20, 2015, plaintiffs filed with this court the instant motion to remand, asserting that the parties in the instant case are not diverse.[2] (Doc. # 9).

. . .

. . .

**II. Legal standard**

---

[1] Though the caption of plaintiffs' complaint and amended complaint name Mid-Century as a defendant, the allegations in the documents erroneously refer to "State Farm." (*See* docs. ## 1-3, 9-2). State Farm is not a party to this action.

[2] Neither party disputes that the amount in controversy has been met for the instant case.

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). Federal district courts have diversity jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a).

**III. Discussion**

A state proceeding no longer exists by virtue of the case's removal to federal court. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal *and the State court shall proceed no further unless and until the case is remanded.*" (emphasis added); *Karl v. Quality Loan Serv. Corp.*, 759 F. Supp. 2d 1240, 1245 (D. Nev. 2010) *aff'd*, 553 F. App'x 733 (9th Cir. 2014).

Plaintiffs' original complaint listed Mid-Century as the only named defendant. (Doc. # 1-2). Plaintiffs are citizens of the state of Nevada. (Doc. # 9 at 3). Defendant Mid-Century is a citizen of California, where it is incorporated. (Doc. # 1 at 2); *see* 28 U.S.C. § 1332. Mid-Century properly removed this case on January 20, 2015, based on diversity jurisdiction. (Doc. # 1).

Nearly a week after Mid-Century removed the case, thereby eliminating the state proceeding, plaintiffs improperly filed an inoperative "amended complaint" before the state court. In the inoperative complaint, plaintiffs added defendant Arnold, who is a citizen of Nevada. Plaintiffs have never filed an amended complaint before this court.

Plaintiffs assert that, based on the amended complaint filed in state court, which adds non-diverse defendant Arnold, complete diversity is lacking. (Doc. # 9 at 3). Therefore, remand is appropriate. Plaintiffs further assert that Arnold was properly added to the action based on plaintiffs' amended complaint, because Federal Rule of Civil Procedure 15 allows them to amend a pleading once as a matter of course within 21 days of service of defendants' answer, which was filed on January 21, 2015. (Doc. # 9 at 3-4).

Defendants respond that Arnold is not a defendant in this case, as plaintiffs' amended complaint was improperly filed in state court after the state court was divested of jurisdiction. (Doc. # 11 at 5).

Removal strips the state court of its jurisdiction. *See* 28 U.S.C. § 1446(d); *Karl*, 759 F. Supp. 2d at 1245. Defendants properly removed this action on January 20, 2015. (Doc. # 1). Accordingly, plaintiffs' "amended complaint" filed with the state court on January 26, 2015, is inoperable. How plaintiffs even attempt to argue that they followed the procedures of the Federal Rules of Civil Procedure by improperly filing a complaint in state court after the case ad been removed to federal court is baffling.

Considering the lone complaint filed before this court, diversity is complete and the amount in controversy is met. Accordingly, plaintiffs' motion to remand will be denied.

Plaintiffs tack on a single sentence to the end of their motion to remand stating, "[i]f the procedure taken by Plaintiffs in including Defendant Tamara Arnold were [sic] procedurally inappropriate, this Court should allow for leave to amend and add Defendant Tamara Arnold as a party." (Doc. # 9 at 4). Pursuant to special order 109, a separate document must be filed for each purpose. The court declines to consider plaintiffs' one sentence statement at the end of their motion to remand as a separate motion for leave to amend complaint.

IV. **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Sandra Turner and Scharlene Woodley's motion to remand (doc. # 9) be, and the same hereby is, DENIED.

DATED May 26, 2015.

James C. Mahan
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge